UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
RALF EMBRO,                                                   :
                                                              :
                              Plaintiff,                      :        12-cv-9003 (NSR)
        -against-                                             :
                                                              :        OPINION AND ORDER
MARY JEAN MARSICO and                                         :
ROCKLAND COUNTY BOARD OF                                      :
COOPERATIVE EDUCATIONAL SERVICES,                             :
                                                              :
                              Defendants.                     :
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

        Plaintiff, Ralf Embro ("Plaintiff") commenced the instant action against Defendant Mary

Jean Marsico ("Marsico"), District Superintendent for the Rockland County Board of

Cooperative Educational Services ("BOCES"). The operative complaint is an amended

complaint filed April 11, 2013 (dkt. no. 9). Although the amended complaint named only

Marsico as a defendant, the Court thereafter construed the complaint to assert claims against both

Marsico and BOCES in light of Plaintiff's then-*pro se* status and clear intention to seek relief

from both defendants.

        Plaintiff asserts (1) gender discrimination and retaliation claims under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"); (2) disability

discrimination and retaliation claims under the Americans With Disabilities Act of 1990, 42

U.S.C. §§ 12112-12117 (the "ADA"); and (3) gender and disability discrimination and

retaliation claims under the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law §§ 290-

97.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2014

Defendants now jointly move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, Rule 56.  This Court grants the motion, and hereby dismisses all claims pursuant to Rule 12(b)(6), for the reasons stated below.[1]

## I. AMENDED COMPLAINT

The amended complaint contains a summary of facts and also incorporates by reference and attaches factual assertions made before the Equal Employment Opportunity Commission ("EEOC") in 2012.  Reading these materials together, in sum, Plaintiff alleges that BOCES hired him as a special education teacher in September 2000, and that from September 2001 through March 2011, Defendants discriminated against Plaintiff on account of disabilities resulting from military service.  *See* Amended Complaint ("Compl.") at 3.  Plaintiff further alleges that BOCES was "dominated by women administrators who conspired and perjured themselves in order to make it possible for them to fire" Plaintiff.  *Id.*  The gravamen of Plaintiff's complaint appears to be that his March 13, 2011 termination as a tenured BOCES teacher was discriminatory and retaliatory in violation of federal and state laws protecting against such action if taken on the basis of disability or gender.  *Id.* at 6.

As outlined to the EEOC in 2012, Plaintiff contends that after his 2000 hire as a special education teacher, his military status was reactivated.  *Id.* at 5.  He apparently participated in Operation Iraqi Freedom between February 7, 2003 and January 24, 2004.  *Id.*  Plaintiff alleges that following that term of service, on March 12, 2004, he was diagnosed with a brain injury and post-traumatic stress syndrome.  *Id.*  On April 20, 2004, BOCES purportedly told him to return

---

[1] The Court does not find it necessary to convert Defendants' motion to a motion for summary judgment, as the Court is able to resolve the matter based only on facts alleged in the amended complaint, materials incorporated by reference therein, and matters of public record of which the Court appropriately takes judicial notice.  *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (court may take judicial notice of relevant matters of public record); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (court may take judicial notice of court documents).

to work and also denied him tenure at that time because of his military service. *Id.* Thereafter, and specifically, during calendar year 2007, either union or school district officials questioned Plaintiff about his need to take time off for medical visits. *Id.* In mid- or late 2007, when Plaintiff declined to support with medical records his need for time off, BOCES transferred Plaintiff to a different school, which Plaintiff contends "was clearly retaliation." *Id.*

Public records show that on July 19, 2007, Plaintiff filed a complaint before the New York State Division of Human Rights ("SDHR") and the EEOC, which alleged that the transfer to a different school was disability-based discrimination. *See* Affidavit of Gregg T. Johnson ("Johnson Aff.") (dkt. no. 25), Ex. F. That complaint was referred to an SDHR administrative law judge ("ALJ"), who, on June 3, 2009, recommended dismissal of all claims. *Id.* at Ex. D. On February 5, 2010, the Commissioner of the SDHR adopted the ALJ's recommendation and dismissed all claims. *Id.* at Ex. G.

Plaintiff contends here, in the instant action, that in August 2008, after his compelled transfer, he reported Defendant Marsico for purportedly changing and altering students' grades. Compl. at 5. Plaintiff contends that in September 2008, he was transferred back to his original school where he suffered various forms of discrimination and harassment. *Id.* at 6. In March 2009, for example, a school administrator allegedly behaved aggressively toward him and purposely aggravated his post-traumatic stress syndrome. *See id.*

Following his "whistleblower" report regarding Marsico and this harassment, BOCES brought disciplinary charges against Plaintiff pursuant to New York Education Law § 3020, thereby initiating a statutory protocol to remove Plaintiff as a then-tenured teacher. *Id.*

3

Ultimately, BOCES terminated Plaintiff on March 13, 2011.  *Id.*[2]

On January 12, 2012, Plaintiff filed a second EEOC complaint (the first being the 2007

complaint), which alleged disability-based discrimination, without any Title VII claim or

reference to gender-based discrimination.  *See* Johnson Aff. at Ex. A; Compl. 5-7.  On March 9,

2012, the EEOC dismissed Plaintiff's complaint and issued Plaintiff a "Right to Sue" letter.

Plaintiff concedes that he received the Right to Sue letter on March 9, 2012.  Compl. at 4.

Plaintiff commenced the instant action on December 10, 2012.

## II. MOTION TO DISMISS STANDARD

On a motion to dismiss for "failure to state a claim upon which relief can be granted,"

Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007));

*accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  "Although for the purposes of a

motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is]

'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Iqbal*, 556 U.S.

at 678 (quoting *Twombly*, 550 U.S. at 555).  "While legal conclusions can provide the framework

of a complaint, they must be supported by factual allegations."  *Id.* at 679.

When there are well-pleaded factual allegations in the complaint, "a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*

---

[2] Defendants have enclosed in support of their motion to dismiss a copy of the January 2010 notice of disciplinary charges that BOCES served upon Plaintiff, *see* Johnson Aff. at Ex. B, along with documentation memorializing a March 14, 2011 BOCES hearing and discharge recommendation, *see id.* at C, and a copy of the BOCES termination decision formalized on March 23, 2011, *id.*  The Court declines to consider these materials under Rule 12(b)(6), as the face of Plaintiff's complaint and the public administrative record are sufficient to compel dismissal of Plaintiff's claims for the reasons stated in this opinion.

A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted must be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. CLAIMS ASSERTED

### A.  Individual Liability under Title VII and the ADA

As a threshold matter, Plaintiff has brought claims under Title VII and the ADA against Marsico, an individual defendant, for her role in the alleged discrimination and retaliatory termination of Plaintiff's employment.  Both Title VII and the ADA, however, prohibit *employers* from engaging in discriminatory or retaliatory practices.  Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b).  "The ADA definition of employer mirrors the Title VII definition." *Givens v. City of N.Y.*, No. 11-cv-2568, 2012 U.S. Dist. LEXIS 2892, at *10 (S.D.N.Y. Jan. 10, 2012).

It is settled that individual liability, even for those with supervisory responsibility, does not lie under Title VII. *Tomka v. Seiler Corp.*, 66 F. 3d 1295, 1313 (2d Cir. 1995) ("individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII").  The same is true for the ADA. *Givens*, 2012 U.S. Dist. LEXIS 2892, at *11 ("individual employees are also not employers as defined and regulated by the ADA").  For his part, Plaintiff does not argue otherwise, and instead suggests only that a claim against Marsico may survive under state law. *See* Opposition Memorandum ("Opp. Mem.") (dkt. 32) at 2.  As discussed below, this Court will decline to exercise supplemental jurisdiction over the remaining state law

5

claims.  For that reason, and because there is no individual liability under Title VII or the ADA, all claims against Marsico are hereby dismissed.

### B.  Employer Liability Under Title VII and the ADA

#### 1.  Title VII

Moving to the first federal claims against BOCES – discrimination and retaliation based on gender – "[a] district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *Butts v. N.Y. Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993).  "This exhaustion requirement is an essential element of Title VII's statutory scheme." *Id.*  Subsequent conduct is "reasonably related" only if it would fall within the scope of the EEOC investigation which could reasonably have been expected to grow out of whatever charge was made previously. *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006).  The question is whether the prior EEOC complaint gave the agency adequate notice to investigate discrimination on both bases. *Id.* at 70.

Materials submitted with Plaintiff's amended complaint, and the public, administrative agency record, make plain that Plaintiff's January 12, 2012 EEOC complaint asserted discrimination based on disability only, and not based on gender. *See* Johnson Aff. at Ex. A; Compl. at 5-7.  This Court previously has found that an ADA claim did not fall within, and was not reasonably related to, a prior EEOC complaint based on gender, when the prior complaint did not mention disability at all. *Gallegos v. New York City Health & Hosp. Corp.*, No. 98-cv-435, 1998 U.S. Dist. LEXIS 16089, at * (S.D.N.Y. Oct. 14, 1998).

Here, as in *Gallegos*, Plaintiff placed the EEOC on notice of one type of claim—disability discrimination—but the EEOC complaint was wholly silent as to the role gender may

6

have played in that discrimination.  *See* Johnson Aff. at Ex. A; Compl. at 5-7.  Only later, in his

amended complaint in the instant action, did Plaintiff add the allegation that BOCES was

"dominated by women administrators who conspired and perjured themselves in order to make it

possible for them to fire" Plaintiff.  Compl. at 3.  Even if the alleged gender-based "conspiracy"

crystallized after Plaintiff's EEOC complaint rather than before – which is not clear – this Court

follows the reasoning in *Gallegos* and finds that any gender-based discrimination or retaliation

alleged here is not reasonably related to the disability discrimination claims made to the EEOC

in 2012.  Plaintiff has thus failed administratively to exhaust his gender-based Title VII claims.

As such, this Court dismisses the Title VII claims in their entirety as against remaining defendant

BOCES.

### 2.  ADA

Plaintiff also asserts discrimination and retaliation claims against BOCES under the

ADA.  Those claims fails for a still more basic reason.  A plaintiff must file an action within

ninety days of the date he or she receives a Right to Sue letter.  *See* 42 U.S.C. § 2000e-5(f)(1);

*see also Gerena v. 10 Sheridan Assocs. LLC (SDG Mgmt. Corp.)*, No. 13-cv-6056, 2013 U.S.

Dist. LEXIS 158892, at *12-13 (S.D.N.Y. Nov. 1, 2013) (dismissing ADA and Title VII claims

filed more than ten months after date of Right to Sue letter).  Plaintiff's Right to Sue letter is

dated March 9, 2012, and Plaintiff concedes as much in his amended complaint and concedes

that he received the letter that day.  *See* Compl. at 4.  It is likewise undisputed that Plaintiff did

not commence the instant action until December 10, 2012, more than nine months after receipt of

the letter.  The ADA claims against BOCES are therefore time-barred by statute.  Consequently,

this Court dismisses the ADA claims in their entirety as against remaining defendant BOCES.[3]

### C. Supplemental Jurisdiction

Last, Plaintiff asserts discrimination and retaliation claims under the NYHRL against both Defendants.  "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."  *Id.* § 1367(c)(3).  "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Dilaura v. Power Auth. Of N.Y.*, 982 F.2d 73, 80 (2d Cir. 1992).

This appears to be the usual case.  Seeing no contrary argument from Plaintiff, nor any contrary authority, which might compel the Court to retain jurisdiction despite the elimination of all federal claims, this Court dismisses the NYHRL claims as against all Defendants, without prejudice to any right Plaintiff may have to renew those claims in state court if timely.

---

[3] Because the grounds discussed above and below are sufficient to dismiss this action in its entirety, the Court declines to reach Defendants' alternative arguments, which include the untimeliness of the January 2012 EEOC complaint, the absence of protected retaliation activity under the ADA, and *res judicata* or *collateral estoppel.*

## VI. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the amended complaint is GRANTED, and all claims are hereby dismissed.

Dated: Sept. 30, 2014
      White Plains, New York

SO ORDERED:

_____ 9/30/14

NELSON S. ROMÁN
United States District Judge